STEPHEN L. SHERMAN *vs.* CHARLES A. LEONARD, Collector.

Decision in *Greene* v. *Mumford*, 5 R. I. 472, reaffirmed: that a court of equity will not enjoin the collection of a tax on the mere ground that it has been improperly assessed against the complainant, and that his real estate has been levied upon, and is about to be sold for its satisfaction, nor will it give a remedy, in such a case, unless the complainant's case presents special equities. The fact that the complainant, taxed on both real and personal estate in the town of N. P., but not being liable to pay a personal property tax there, had tendered his real estate tax to the collector of taxes of the town, and that the town council of N. P. had remitted his personal property tax, *held* not to constitute such equities, the remedy at law still being (as in *Greene* v. *Mumford*) sufficiently adequate.

BILL IN EQUITY to enjoin a sale by the respondent, as collector of taxes of the town of North Providence, of the complainant's property for non-payment of taxes.	The facts of the case, which was now heard upon the respondent's demurrer to the bill, are stated in the opinion of the court.

*Browne*, for complainant.

*Blodgett*, for respondent.

DURFEE, J.	It appears from the bill (which, being demurred to, must be assumed to be correct), that in the year 1870 the plaintiff was taxed in the town of North Providence the sum of

$498 on real and personal estate, to wit: $148 on real, and $350 on personal estate; that the plaintiff was not then liable to a personal property tax in that town, not having had his actual place of abode therein for the larger portion of the twelve months next preceding the 1st April, 1870; that in due time, to avoid any charge of interest, namely, on the 25th November, 1870, he tendered the amount of his real property tax to the tax collector of said town, who is the defendant in this suit, and at the same time explained to him that he refused to pay the personal property tax for the reason aforesaid; that he has always since that time been ready to pay the said real property tax, and has frequently offered to pay and tendered the same, and now offers to pay the said sum of $148 into the registry of the court, in liquidation of said real property tax; that the collector, previous to February 3, 1871, refused to receive the same unless the personal property tax was also paid with interest from November 25, 1870; that since February 3, 1871, he had refused to receive said real property tax unless interest thereon was also paid from November 25, 1870; that February 3, 1871, the town council of North Providence passed an order remitting said personal property tax; and that the said collector (using his office, it is alleged, to oppress, and intending to injure the plaintiff, and to sell his estate unless he will pay an unjust claim) has, nevertheless, advertised so much of the plaintiff's estate, real and personal (described in said advertisement), as shall be necessary to pay said taxes, with interest and costs, to be sold for that purpose on March 29, 1873, at 3 o'clock P. M., at the office of the town clerk of said North Providence. The bill prays that the defendant may be enjoined from proceeding with said sale, or from claiming any greater sum than $148, in liquidation of said tax. The defendant has demurred.

The question for us to decide is whether the plaintiff, upon the case as stated, is entitled to the relief which he seeks. In the case of *Greene* v. *Mumford*, 5 R. I. 472, this court decided that it would not interfere by injunction to stay the collection, by sale of real estate, of an illegal town or city tax, on the application of a single tax payer, upon the mere ground that it is illegally assessed upon him, without special equities, the remedy at law being sufficiently adequate, and far more consonant with the scope and

provisions of the tax act. The rule laid down in that case is decisive against the plaintiff in the case before us, unless it presents special equities. The plaintiff claims that it does present such equities, and relies upon the tender made by him of the real property tax, and upon the remission of the personal property tax as constituting such equities. But we do not think the tender and remission are sufficient to take the case out of the rule laid down in *Greene* v. *Mumford*. These acts only serve to make it more patent that the collector has no authority to sell the plaintiff's property for the payment of the tax; but they do not render the remedy at law any less adequate, or make it any more likely — if anything, they make it less likely — that the sale will injuriously cloud his title. It may be said that they furnish an inference that the defendant is acting from malice, and indeed the bill contains an express allegation, to which some prominence was given in the argument, to that effect. But if the sale proposed to be made by the defendant is illegal, it will be simply void; and the fact that the defendant is proceeding to make it under the influence of malicious motives will not in any way affect its character, or diminish the plaintiff's ability to protect himself by the remedies afforded at common law. The plaintiff contends that we ought to sustain this suit upon the ground that it will prevent multiplicity of suits. There need be no multiplication of suits. If the plaintiff is satisfied that the tax is illegal and that the sale will be void, he need do nothing but defend the property sold against the purchaser when the purchaser brings his suit to recover possession of it; and if he does not like to run the risk of its being void, he can, as was remarked in *Greene* v. *Mumford*, pay it in relief of his property, and, if successful in showing its invalidity, recover it back with interest in an action of assumpsit.

We think the demurrer ought to be sustained, and the plaintiff's suit dismissed. *Bill dismissed.*